Appendix 2-14-0805. Paul Palka, plaintiff's appellant, v. Dionne, Prodzenski, appellant, regularly on behalf of the plaintiff's appellant, attorney Mr. Mark Hexton, regularly on behalf of the defendant's appellant, attorney Mr. E. Angelo Sparocco. All right, thank you. Mr. Huffman, on behalf of the appellant, you may proceed. Thank you, Justice. Good morning. Mark Hexton on behalf of the appellant's plaintiff, Paul Palka. As you know, we're here today to appeal two issues. The first being the jury's failure to award damages to the plaintiff's appellant inconsistent with the evidence presented at trial. And secondly, the trial judge's abuse of discretion in not ordering a new trial based on that. The case was pretty clear at trial with regard to injuries. The client sustained a labral and rotator cuff tear and a left shoulder fracture as a result of an accident when he laid down his motorcycle to avoid a rear end collision with the motor vehicle driven by the defendant on 75th Street and its intersection with Washington Street in Naperville. As a result of the injuries, he was bleeding profusely at the scene and had to be transported by ambulance. At the trial of this matter, there was no dispute that the plaintiff sustained serious injury. The only issue with regard to the defense was whether the laying down of the motorcycle by the plaintiff was the sole proximate cause of the accident. In this matter, it's pretty clear that the jury apportioned liability to both the plaintiff and the defendant. They found the to award damages in this case and let the trial court make the adjustment of splitting that itemized damages in half. The trial judge got a question by the jurors asking whether they had to award damages if they found that the defendant was negligent. Well, this whole argument is contingent on proximate cause here. You have to look at it this way. If this event caused Paul Polka to argue that this event didn't do that, then that was the proximate cause. There's no proximate cause argument here. The question is liability. You have to look at the liability of the parties. Are you saying that the verdict forms were inconsistent? Yes. Itemized damages all read zero and the liability was split 50-50 in this matter. The judge sort of relied upon the distinguished Kleist case. While the Kleist case involved allegations of crop damage from spraying herbicides, it involved a number of defendants. The jury came back with negligence, awarded damages against three of the four defendants in the matter, and the court told the jury that the award of damages is not necessary if one of those parties was found negligent. Here, the court told the jury to follow the instructions. He didn't indicate anything else but to follow the instructions. The instructions said in this case that if you find for the plaintiff, you must award damages. They didn't do that. Also, in the Kleist case, it presupposes, again, the issue of proximate cause. You have a multi-party case there. Just because, well, strike that. If you have multiple defendants there, it's possible or very possible that one of the defendants may not have caused the injury to the plaintiff in that matter. In this case, there's only one count. There's one plaintiff, one defendant. And they found proximate cause in this case, right? In this case, they found proximate cause. No, they did not. They did not? They found 50-50. 50-50, correct. So both parties were equally at fault, which means they should have awarded damages. Yes, exactly. And the trial judge and, I think, defense counsel, at argument on a motion for a new trial, both conceded that they probably should have been clearer in answering the jury's question, correct? Correct, correct. Did plaintiff's counsel propose a more direct answer? From what I reviewed, I could not ascertain that that was the case. All I know is from reading the record that there was no objection from the trial judge making the comment that he did to the jurors regarding their question when it came down. Neither party objected to that? That's my knowledge. Do we look at not only in terms of whether or not the verdict is inconsistent with the evidence, inconsistent verdicts, we look at the arguments of the parties as well, in interpreting that verdict form? Well, the verdict form itself, if they, you said to follow the instructions, the trial judge, if they would, that's why you should have grabbed the new trial, that goes to the post-trial motion, actually, because what he should have done is said, ordered the new trial, in his ruling, should have stated they did not follow the law. They did not follow those instructions in that they found for a plaintiff and they did not award damages. If he would have said, you have the ability to find for the defendant but not award damages, that would have been a different story. So actually, what he instructed the jury on would actually favor the plaintiff's argument with regard to seeking a new trial. I have nothing. Is there a doctrine in the law that says in such a situation the court must exercise all and the court must not find a verdict legally inconsistent unless it is absolutely irreconcilable? So that's your position? There's no reasonable hypothesis, it's absolutely irreconcilable with the evidence, right? That's what you're saying? Well, correct, because there's no proximal cause issue here. As long as one would agree that that incident involving the motorcycle in the car resulted in that injury, you could come to no other conclusion. And you pointed this out to the trial court? In that matter, yes, it was argued to the trial court. Had the judge himself in his ruling on the motion for a new trial stated it defies logic why the jury would find the defendant liable but award zero damages if in fact damages clearly existed? That also points to a compromise verdict in that situation where the jurors in this matter simply traded liability for damages where they said that they had, well, you know how this works. Part of them were split and they said, okay, well, we'll give you liability if you award zero damages. And they deliberated for a long time as well. So that fact also points to the fact that they were compromising in this matter. And the trial court basically answered his own question saying that it's illogical because there were in fact damages. There was no question about the damages. The issue was whether or not the plaintiff was more than 50% negative, correct? Correct. And so that's an issue of a compromise verdict in itself. It doesn't make any sense because it doesn't have to. By definition, a compromise verdict doesn't make any sense. Anything else? That's it. All right. Thank you very much. Thank you. Mrs. Veritas, on behalf of the appellate, you may proceed. Thank you, Your Honor. May it please the court, counsel, my name is Angelo Speratos. I'm the attorney for the appellee and on behalf of the defendant in this case, and I was also the trial attorney in front of the trial court. So you're intimately familiar with the background and evidence in the case? I am, Your Honor. I am. And, you know, I do have a couple items that I want to point out, but for purposes of, I guess, of rebuttal, this wasn't just the case of sole proximate cause. I mean, counsel stated during his argument in front of Your Honors that sole proximate cause was the only issue. That's not really true. And moreover, this isn't an inconsistent verdict because the jury was not just charged with trying to figure out whether there's liability and whether there's damages, but whether the liability is the proximate cause of the damages. And what Judge Souter found in the post-trial motion was that the plaintiff failed in their burden of proof, and there was ample evidence in the record to support why this verdict is not inconsistent relative to the standard that we're talking about here. But, you know, would you agree, and I don't want to cut you off, but would you agree we should look at not just the verdict form, but the entire proceeding? What were the instructions and how were those And in closing argument, and I read your closing argument several times, three times you told the jury, if you're fine for my client, use verdict form C. That's right. That's right. I did tell them that. So where's the confusion? How can you possibly say the jury made a mistake and used the wrong verdict form when you told them in closing argument that, quote, under the law, the judge will instruct you that if you find that the plaintiff's contributory negligence, the plaintiff, this is Mr. Palka, is greater than 50% of the total approximate cause of the injury or damage for which recovery is sought, then your verdict should be for my client. Again, later you say, if he's more than 50% liable, use verdict form C. Still later you say, return verdict form C under the law that requires the fault greater than 50%. So where, how can you possibly say they were confused when you emphasize to them, fine for my client, sign verdict form C? Well, I wish, Your Honor, that I had this power to that whatever I say in court is the absolute. You just acknowledge that we can look at your arguments interpreting the jury verdict, correct? Yes, but you have to reconcile that argument, Judge, with the fact that they asked the question, notwithstanding those instructions, before they came up with a conclusion. And the question that was asked in Thijs, can we return verdict form B? And as the court knows, that's in front of Your Honor's part of the record. The specific question that the jury asked was, if we vote verdict form B, do we have to award monetary damages at all? That's the question that they, so had they not asked that question, I think, Your Honor, there would be some significant weight to that point. You said during the argument in the trial court, should have answered that question, no. We should have answered, or, those are your words. Sure, we could have, we could have answered the question, no. Yeah, or we could have answered the question, yes. You could have, we could have answered either way. We didn't get to that because we did believe that the jury instructions were told them what to do. But what's more important, it's not just whether or not I argued whether they should use verdict form C, because that is what I was asking of the jury, that what the standard is for purposes of applying it to this case is whether, as Justice Hudson suggested, whether it is absolutely irreconcilable, that it cannot stand. And there was ample evidence to address the issue of proximate cause. Similar to the Theis case, that's really what we have here. And what I'd also point to this, Reflection of multiple defendants, and the jury had awarded damages for the other defendants, but not on one. That is correct. But in this case, and that's why I take issue with counsel's statement that this is a sole proximate cause. It's not. There are negligence in and of itself does not mean that that negligence was a proximate cause of the damages that were presented that were objective. And so in this particular case, there was ample evidence to support that the jury, it was clear by their question that they intended to award no damages. Notwithstanding the conduct of the parties, they intended, not only did they put the zero symbol next to the itemized verdict form, but they wrote in zero. They wanted it to be perfectly clear. But they also said your client was 50% responsible for the accident. No, but and then that's, that's not more than 50%. That's correct. It was a 50-50 split according to the jury's verdict. That is what they said. However, what they didn't address in any of the verdict forms was this issue of whether the conduct, the liability, or the negligence was the proximate cause of those damages. And there's ample evidence to support in the absence of proximate cause, no impact to the back of the vehicle. The fact that there's multiple witnesses that testified, first of all, my client can test that, that she was even stopped on a green light. Her daughter confirms that she stopped on a red light, that the stop was gradual, that there was a substantial distance between the back of, there was never any impact in this, in this accident, your honors. The back of the vehicle was by her daughter's estimation, 200 feet behind. He was on the ground at that area. That, and furthermore, there was also evidence by our reconstruction expert that testified, Mr. Stolbe, who, who suggested that had he not taken, brought the vehicle down to the ground, had he not chosen to lay his motorcycle down, that he would have stopped even further behind the plaintiff. All that evidence, if you use the standard. He said 20, 30 feet, 20 to 30 feet. And actually the plaintiff's vehicle was six or seven car lines behind. So that's more than 20 to 30 feet. Certainly conflicting evidence as to the substantial distance between the back of my client's vehicle and where the, where the motorcycle ended up at the time of the impact. Those are all factors that as judge Souter suggested in the post-trial motion, those are all factors that say there's no confusion here. The plaintiff failed on the cause and the trial judge is in the best position here to make that determination. That the judge who heard the evidence, heard the testimony, heard the expert testimony, heard the opinions as to, and then looked at the verdict form and where, which is perfectly clear as to what they intended to do. And then suggested that, suggested that, that this is, that this verdict is not, to use the statement of the appellate court, is not legally inconsistent unless it is absolutely irreconcilable. A verdict is not irreconcilable, inconsistent, if any, any reasonable hypothesis supports the verdict. This isn't just a question of where, of an inconsistent verdict where somebody undergoes a surgical procedure and they award medical bills for the ward, no pain and suffering, which is clearly evidence of a painful incident. This is, this is a question where zero was put on every line that the jury had an opportunity. What I think is amazing, if I may add, is that almost like bankers, the way they write a draft, not only did they put the number there, but they felt it compelled to write the word zero. So there's no confusion as to what they intended to do. Well, that's a fine argument, but the trial court said, I probably was mistaken. It should have been more direct in answering the jury's question. Sure. And they said clearly they, that they put on the verdict form 50%. Sure. But if the plaintiff has the burden, if the plea, if the plaintiff has the burden of showing that had judge done that, had the trial judge done that, I think it's, it is clear in the mind that, that the jury would have returned verdict form C. So what really happened here is they used the wrong verdict form. And the evidence that the trial court has examined by the trial judge was clear. And it does not reach the legal standard of absolutely irreconcilable that if any reasonable, any reasonable hypothesis supports the verdict. A jury's verdict should be examined to as you're saying the jury's intention. And in the event, the verdict is otherwise supportable. The verdict is to be molded into form and made to serve unless the review court has doubts as to the verdict's meaning. I don't think there's any question. There shouldn't be any question as to the jury's meaning in this case. The question that they posed to the court addresses what their meaning was, the way in which they filled out the verdict form supports what the meaning was. That's really what happened in this case. And that is the basis of what happened in this case. And admittedly, your honor, you know, just to go back to your, your, your question about my argument, that is what, that is how the question would have been answered. The question would have been, no, it didn't happen that the confusion isn't what I said or didn't say. I suggest respectfully to the court, the confusion has to do with the fact that we didn't answer the question directly possibly, but it was clear in their mind what the evidence supported. And there's ample evidence to support an absence of proximate cause that the proximate cause of the damages claimed by the plaintiff were somebody other than my client. How can we be certain that it's not a compromise verdict that a number of jurors felt that your client was more than 50% responsible for the accident? And a number thought that the plaintiff was more than 50% responsible and they were split. So therefore they said, okay, we'll find 50% through and then just say no damages. How can we be certain that that's not what happened? Which is a compromise verdict, which requires a new trial. I don't think you need certainty to conclude that, your honor. No, you need to look at the entire record, determine whether or not the jury was confused. That's correct. And by virtue of the question in itself that the jury posed, anticipated a zero verdict. I would suggest that the compromise, the compromise that you're suggesting would have resulted in some award of damages. I mean, they were arguing conduct at the parties and they settled like 50-50, but they didn't find proximate cause. They were all completely satisfied in entering a zero award unanimously. And I believe that the jury, and I can't remember this, but I believe that the jury may have been polled in this regard. Is that, and was that, and is that your verdict? I may stand corrected on that point, but certainly the plaintiff would have had an opportunity to do that if there was any question as to what the jury as a whole, 12 ladies and gentlemen, decided to do after hearing the evidence in this case. And that's whether, you know, the evidence of a compromise is not as strong as the fact that, that this verdict is not absolutely irreconcilable, that it is not, that a reasonable hypothesis, as Judge Souter declared, was that the plaintiff failed in proximate cause. And the reason that they failed in proximate cause is because of the ample evidence of liability testimony from an expert that talked about, had this person not laid his bicycle onto the pavement, that he would have stopped even further behind than where the testimony was of the various witnesses that placed him onto the ground. And he was, he talked about his background and the calculations that led him to conclude that. That's what the jury heard. Based upon that, it seems to me in the standard, this isn't abuse of discretion. The judge is in the best position, the trial judge is in the best position to determine the evidence, the trial judge is in the best position to, to interpret what the jury did here. And I think under those circumstances and the very high standard that the plaintiff has to overcome, I think it's appropriate to affirm the trial court's decision in this matter. All right. Thank you very much. Thank you. Mr. Hoffman? You may respond to the bottom. I'm going to go so far as to say that there's no reasonable argument which supports this. It's illogical, flat out illogical. We agree with the trial judge that it's illogical. The only one who thinks it's logical is counsel in this matter. If they would have found for defendant, they would have filled out for a torm C. They found us both negligent. They found plaintiff and defendant negligent. We don't even need to go into the facts of the case, I don't think. The question in this case is simply, what, you know, what was their intent basically? If you look, if you look at it that way, I mean, were they trying to compromise? What were they trying to do? And I think they asked that question simply to see if they could fill out that verdict form and still have the case upheld that way. I think that was their intent. I think they knew exactly what they were doing and it was wrong. They should have followed the law. If they were going to fill out verdict form C, they should have entered in itemized damages and let the court make the after they entered their verdict. They didn't do so. They took it into their own hands. They decided that they wanted to do what they were going to do. And this, we ended up with for form B with no proximate cause issue, a 50 50 split on liability and zero itemized damages. This case should be remanded for a new trial and the plaintiff should be able to present his case again and we should get a proper verdict in this matter that follows the law. Thank you. All right. Thank you. I'd like to thank both counsel for the quality of their arguments. The matter will be under advisement and the court will of course issue a written decision in due course. The court now stands adjourned for the day's subject call. Thank you.